**Jo C. DAGUE, Plaintiff—Appellee,**

v.

**Kevin DUMESIC; Greg Hazen; Mike Horn; Las Vegas Metropolitan Police Department, Defendants—Appellants.**

No. 07–15317.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2008.

Filed July 18, 2008.

No. 222, Michael V. Cristalli, Esq., Cristalli & Saggese, Las Vegas, NV, for Plaintiff–Appellee.

Peter M. Angulo, Esq., Olson, Cannon, Gormley & Desruisseaux, Las Vegas, NV, for Defendant–Appellant.

Before: TROTT and THOMAS, Circuit Judges, and HOGAN *, District Judge.

MEMORANDUM **

Kevin Dumesic, Greg Hazen and Mike Horn appeal the district court's denial of qualified immunity in this Section 1983 excessive force suit. We reverse. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here. We review the denial of qualified immunity *de novo. See Lee v. Gregory,* 363 F.3d 931, 932 (9th Cir.2004).

---

* The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

To determine whether a government employee is entitled to qualified immunity, we apply the familiar two-part test set forth by the Supreme Court in *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). First, we must determine whether, viewing the evidence in the light most favorable to the plaintiff, the defendants violated Dague's constitutional rights. *Id.* If we determine that a constitutional violation has occurred, we must then determine whether Dague's rights were clearly established at the time of the violation. *Id.*

In *Tennessee v. Garner,* 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), the Supreme Court articulated a "more particularized version of the Fourth Amendment's objective reasonableness analysis" in cases of deadly force. *Blanford v. Sacramento County,* 406 F.3d 1110, 1115 (9th Cir.2005). There, the Court held that an officer's use of deadly force to prevent a suspect's escape is reasonable if "the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Garner,* 471 U.S. at 3, 105 S.Ct. 1694. "[I]f the suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape, and if, where feasible, some warning has been given." *Id.* at 11–12, 105 S.Ct. 1694.

Whether an officer used excessive force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Our determination "must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396–97, 109 S.Ct. 1865.

Under the foregoing standards and viewing the evidence in the light most favorable to the plaintiff, we conclude that the defendants did not violate Dague's constitutional rights. The officers had a reasonable belief that Dague presented an immediate threat to the officers. Their belief was reasonably based on the fact that Dague kept his left hand concealed during the standoff, Dague's statement that he had something that would make the officers do what he could not, and his previous statement to the 911 operator that it would be "easy enough" to provoke a cop to shoot him. The officers' decision to shoot Dague following the tasing was based on their perception that Dague made a threatening movement with the hand he kept concealed during the standoff. Whether or not officers' perception was in fact correct, their decision to shoot Dague is the type of "split-second judgment" which we cannot second-guess.

We are mindful that police awareness that an individual is emotionally disturbed is relevant to determining whether police conduct was reasonable. *Deorle v. Rutherford,* 272 F.3d 1272, 1283 (9th Cir.2001). We also observe that the officers' tactical decisions leading up to the shooting arguably created the circumstances that led to Dague's tragic death. However, the officers' behavior did not constitute "intentional or reckless" provocation. *See Billington v. Smith,* 292 F.3d 1177, 1190–91 (9th Cir.2002). Accordingly, given the unique circumstances of this case, and the wide latitude given law enforcement officers under our qualified immunity jurisprudence, we cannot conclude that there was a constitutional violation. The defendants are therefore entitled to qualified

immunity as to the § 1983 claims. We need not, and do not, reach any other issue presented in this interlocutory appeal.

**REVERSED; REMANDED.**